UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FRANCIS E. ARENELLA,
    Plaintiff,

v.

CIVIL ACTION NO.
10-10211-WGY

MIDDLESEX SHERIFF'S OFFICE, ET AL.,
    Defendants.

## MEMORANDUM AND ORDER

YOUNG, D.J.

On February 2, 2010, this Court entered an Electronic Order denying Plaintiff's Motion for Leave to Proceed *in forma pauperis*. On February 23, 2010, an Electronic Order entered denying Plaintiff's Motion for Reconsideration. Thereafter, on March 1, 2010, another Electronic Order entered again denying Plaintiff's motion. This Court also denied Plaintiff's request for appointment of *pro bono* counsel, noting that the named Defendants may not be held liable for the alleged inadequate medical care under a theory of *respondeat superior*. On March 23, 2010, this Court entered a Memorandum and Order (Docket No. 10) denying Plaintiff's Motion for Clarification of the March 1, 2010 Electronic Order.

Plaintiff appealed, and on July 29, 2010, Judgment of the United States Court of Appeals for the First Circuit (Docket No. 11) entered, dismissing Plaintiff's appeal. Arenella v. Middlesex Sheriff's Office, et al., No. 10-1234 (1st Cir. 2010). Mandate issued on August 17, 2010 (Docket No. 12).

In view of the dismissal of his appeal, this matter is now ripe for further action by this Court. Accordingly, it is here by Ordered that:

1. Within 30 days of the date of this Memorandum and Order, Plaintiff shall pay the $350.00 filing fee, failing which, this action will be dismissed; and

2. Within 30 days of the date of this Memorandum and Order, Plaintiff shall demonstrate good cause in writing why this action should not be dismissed for failure to state a claim upon which relief may be granted as set addressed in the March 1, 2010 Electronic Order,

(*i.e.*, for lack of *respondeat superior* liability), or he shall file an Amended Complaint curing the pleading deficiencies, in accordance with Rule 8 of the Federal Rules of Civil Procedure.[1]

SO ORDERED.

                                                        /s/ William G. Young
                                                        UNITED STATES DISTRICT JUDGE

DATED: August 20, 2010

---

[1] Rule 8(a) requires a plaintiff to include in a complaint, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original)(quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); see Rivera v. Rhode Island, 402 F.3d 27, 33 (1st Cir. 2005). It must afford the defendant(s) a "[']meaningful opportunity to mount a defense.'" Díaz-Rivera v. Rivera-Rodríguez, 377 F.3d 119, 123 (1st Cir. 2004) (quoting Rodriguez v. Doral Mortgage Corp., 57 F.3d 1168, 1172 (1st Cir. 1995)). See Redondo-Borges v. U.S. Dept. of Housing and Urban Dev., 421 F.3d 1, 5 (1st Cir. 2005). "In a civil rights action as in any other action . . . , the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why." Educadores Puertorriqueños en Acción v. Hernández, 367 F.3d 61, 68 (1st Cir. 2004). Although "the requirements of Rule 8(a)(2) are minimal . . .[,] 'minimal requirements are not tantamount to nonexistent requirements.'" Id. (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988)).